FILED
APR 1 8 2012
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE JOAN H. LEFKOW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 12CR 289 |
| v. | ) | |
| LAWRENCE WHITE, | ) | Violation: Title 18, United States Code, Section 1343 |
| also known as "Robert Johnson," | ) | |
| "Steven Johnson," and | ) | MAGISTRATE JUDGE FINNEGAN |
| "Roy Bogan, Jr." | ) | |

The UNITED STATES ATTORNEY charges:

1. At time material to this information:

   a. Accredited Home Lenders, Inc., America's Wholesale Lender, Argent Mortgage Company, LLC, Bank United FSB, Charter One Bank, Chase Bank USA, N.A, The CIT Group, Citimortgage, Inc., Countrywide Home Loan, Decision One Mortgage Company, LLC, Equifirst Corp., GB Mortgage, LLC, Maxim Mortgage Corporation, MILA, Inc., New Century Mortgage Corporation, Resmae Mortgage Corporation, Terrace Mortgage Company and Wells Fargo Bank, N.A. (collectively, "lenders") made mortgage loans.

   b. Lenders required applicants for mortgage loans to provide truthful information, including information regarding the applicant's name, date of birth, social security number, employment, income, assets, liabilities, financial condition, real estate owned, rental income received, contribution to the purchase price, payment of earnest money, sales price of the property, value and condition of the property, and intention to occupy the property purchased, which information was material to the approval, terms, and funding of

the loan.

      c.    Lenders sold the mortgage loans to other lenders and institutions (the "successors"). Lenders disclosed that the mortgage loans could be sold, and the likelihood that the mortgage loans would be sold. The information provided in the loan applications and supporting documents, including the applicant's name, date of birth, employment, income, assets, liabilities, financial condition, real estate owned, rental income received, contribution to the purchase price, payment of earnest money, sales price of the property, value and condition of the property, intention to occupy the property purchased, and payment history, was material to the successors' decisions to purchase the mortgage loans.

      d.    Charter One Bank, Chase Bank USA, N.A., and Wells Fargo Bank, N.A. were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation.

    2.    Beginning no later than in or around July 2004 and continuing through at least February 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

**LAWRENCE WHITE,**
also known as "Robert Johnson," "Steven Johnson," and "Roy Bogan, Jr.,"

defendant herein, together with Kenneth Steward, James Wilson, Vanessa Mays, Zakia Sipp and others known and unknown to the grand jury, knowingly devised, attempted to devise, and participated in a scheme to defraud and to obtain money and property from lenders by means of materially false and fraudulent pretenses, representations, and promises and material omissions, which scheme affected a financial institution and is described below.

3. It was part of the scheme that defendant LAWRENCE WHITE, Kenneth Steward and others recruited individuals to buy residential real estate by promising prospective buyers, among other things, that: (a) they would not have to use any of their own money for down payments or earnest money deposits; (b) they would be paid money to act as purchasers and attend the closings; and (c) in some instances, they would not have to make any payments on the mortgages executed in connection with the sale of the properties.

4. It was further part of the scheme that defendant LAWRENCE WHITE, Kenneth Steward, James Wilson, Vanessa Mays, Zakia Sipp and others knowingly prepared and caused to be prepared mortgage loan application packages for prospective buyers that were fraudulent in that the application packages contained materially false information and documents regarding the prospective buyers' employment, income, assets, financial condition and payment of earnest money.

5. It was further part of the scheme that defendant LAWRENCE WHITE had a fictitious company called Cultureville Enterprises ("Cultureville"), which he, along with Kenneth Steward, Vanessa Mays, Zakia Sipp and others, used to falsely represent to lenders that prospective buyers were employed by Cultureville, knowing that, if needed, defendant LAWRENCE WHITE would falsely represent to lenders that prospective buyers were so employed.

6. It was further part of the scheme that defendant LAWRENCE WHITE, Kenneth Steward, James Wilson and others created and caused others to create false

documents, including false W-2 Wage and Tax Statements ("W-2s"), false earnings statements, false verifications of employment ("VOEs"), false verifications of rent ("VORs"), false bank statements, false cancelled checks, false leases, false real estate contracts, false HUD-1 settlement statements, false personal identification numbers and false social security numbers to support the false statements in the loan applications, knowing the false information would be material to the lenders' decisions to issue mortgage loans to the prospective buyers.

7. It was further part of the scheme that defendant LAWRENCE WHITE, Kenneth Steward, James Wilson, Vanessa Mays, Zakia Sipp and others knowingly submitted and caused others to submit, loan application packages to lenders containing the above-described materially false statements and the above-described false supporting documents, knowing that the information was material to the lenders' decisions to issue mortgage loans to the prospective buyers.

8. It was further part of the scheme that defendant LAWRENCE WHITE advanced loans to prospective borrowers to use as down payments to purchase real estate, knowing that the borrowers intended to, and did, falsely represent to the lenders that they were the source of the down payments.

9. It was further part of the scheme that defendant LAWRENCE WHITE and others received the proceeds of mortgage loans that lenders issued to prospective purchasers on or near the dates of the closings and used these loans to enrich themselves and to continue

the scheme by using the proceeds to buy and sell additional residential real estate properties.

10. It was further part of the scheme that defendant LAWRENCE WHITE and others received the proceeds of the fraudulently obtained mortgage loans that lenders issued to prospective buyers to enrich themselves.

### 7833 South Woodlawn Avenue, Chicago, Illinois

11. It was part of the scheme that defendant LAWRENCE WHITE recruited Buyer B to obtain loans based on materially false and fraudulent information.

12. It was further part of the scheme that prior to on or about September 13, 2005, defendant LAWRENCE WHITE (a) caused Buyer B to obtain identification from the Illinois Secretary of State that falsely showed that Buyer B lived at 1727 South Indiana, Chicago, Illinois; and (b) provided a social security number for Buyer B to use to obtain a mortgage loan.

13. It was further part of the scheme that prior to on or about September 13, 2005, defendant LAWRENCE WHITE knowingly caused a mortgage application to be prepared for Buyer B to purchase the residence at 7833 South Woodlawn, Chicago, Illinois ("7833 South Woodlawn"), which application package contained materially false statements, including false statements regarding Buyer B's social security number and that he was employed by Cultureville, as well as false supporting documents, including a false pay stub and false W-2s showing that Buyer B was employed by Cultureville and false VOR.

14. It was further part of the scheme that prior to on or about September 13, 2005,

defendant LAWRENCE WHITE caused the loan application package for Buyer B's purchase of 7833 South Woodlawn to be submitted to Argent Mortgage Company, LLC, knowing that the loan application package contained materially false statements and material omissions, as well as false supporting documents.

15. It was further part of the scheme that on or about September 13, 2005, defendant LAWRENCE WHITE caused Argent Mortgage Company, LLC to fund a loan of approximately $180,000 to Buyer B to purchase 7833 South Woodlawn, knowing that Argent Mortgage Company, LLC's approval of the loan was based on a loan application package that contained materially false statements and material omissions, as well as false supporting documents.

16. It was further part of the scheme that on or about September 14, 2005, defendant LAWRENCE WHITE obtained loan proceeds from the purchase of 7833 South Woodlawn, knowing that the loan proceeds were fraudulently obtained, by causing payments to be made to L. White Enterprises, which was a company owned by defendant LAWRENCE WHITE.

17. It was further part of the scheme that defendant LAWRENCE WHITE and others, fraudulently obtained at least approximately 41 mortgage loans totaling at least approximately $9,212,837 by making materially false statements and material omissions in loan application packages, which resulted in lenders or successors incurring losses on the mortgage loans in an amount totaling at least approximately $3,548,549, because the

mortgage loans were not repaid or fully recovered through subsequent sale or foreclosure.

18. It was further part of the scheme that defendant LAWRENCE WHITE concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

19. On or about September 13, 2005, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAWRENCE WHITE,
also known as "Robert Johnson," "Steven Johnson," and "Roy Bogan, Jr.,"

defendant herein, together with persons known and unknown, for the purpose of executing the above-described scheme to defraud did knowingly cause to be transmitted by means of wire communication in interstate commerce certain wirings, signs and signals, namely, a wire transfer through the Federal Reserve System of approximately $180,000 from the account of a lender at Argent Mortgage Company, LLC, to the account of Alliance Title Corporation at LaSalle Bank, NA to fund a loan to Buyer B to purchase the residence at 7833 South Woodlawn Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATION**

The UNITED STATES ATTORNEY alleges:

1. The allegations in this information are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2. As a result of his violations of Title 18, United States Code, Section 1343, as alleged in this information,

LAWRENCE WHITE,
also known as "Robert Johnson," "Steven Johnson," and "Roy Bogan, Jr.,"

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest he may have in any property constituting, and derived from, proceeds he obtained directly or indirectly as the result of such violations.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), include the sum of at least approximately $3,548,549.

4. If any of the forfeitable property described above, as a result of any act or omission by defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

  All pursuant to Title 18, United States Code, Section 982(a)(2).

             _[signature]_
             UNITED STATES ATTORNEY